IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELI CALDERONE, | ) | |
| | ) | Case No. 18 cv 7866 |
| Plaintiff, | ) | |
| | ) | Hon. Thomas M. Durkin |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant City of Chicago, ("the City") through its attorney, Edward N. Siskel, Corporation Counsel of the City of Chicago, submits the following Reply Memorandum in further support of its Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I. Argument**

    **a. Calderone fails to state a *Monell* claim in Count III.**

        **1. The right to self-defense is not covered by the Second Amendment**

The City hereby incorporates and adopts the arguments made in Defendants Tenaya Williams ("Williams") and Alicia Tate-Nadeau's ("Tate-Nadeau") Reply Memorandum regarding Calderone's Second Amendment claims. ("Individual Defendants' Reply").For the reasons identified in both the Individual Defendants' and City's Motion to Dismiss and in the Individual Defendants' Reply, Calderone fails to allege a deprivation of her constitutional rights, and for that reason, she cannot establish a *Monell* claim against the City, and Count III should be dismissed, with prejudice.

Calderone relies solely on superfluous language that references a "constitutional right of armed self-defense," in *Moore v. Madigan*, 702 F.3d 933, 935 (7th Cir. 2012), in an attempt to establish that a constitutional right to self-defense exists. As previously argued in the City and Individual Defendants' Motions that language was not necessary to determine whether the statute prohibiting the *carrying* of ready to use weapons outside the home was permissible under the Second Amendment. *Moore v. Madigan*, 702 F.3d at 935. As the Seventh Circuit has noted, "[j]udicial opinions must not be confused with statutes, and general expressions must be read in light of the subject under consideration." *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (*en banc*).

Thus, Calderone has failed to establish that a Second Amendment right to self-defense exists, so her *Monell* claim should be dismissed.

### 2. The Personnel Rules did not violate Calderone's Second Amendment rights.

Calderone argues that the City's application of its Personnel Rules to Calderone was unconstitutional, but she fails to identify specific language contained in the Personnel Rules that violate her constitutional rights. Response at pp. 5–7. For a single application of a policy to be sufficient to establish a *Monell* claim, the policy must contain specific language that expressly violates a person's constitutional rights. *Calhoun v. Ramsey*, 408 F.3d 375, 379, 381 (7th Cir. 2005). Here, Calderone does not, and cannot point to any express language in the Personnel Rules that violates her constitutional rights. Response at pp. 6–7. Thus, Calderone has not pled an express policy violation.

Moreover, Calderone does not dispute that she has only pled that the Personnel Rules as applied to her violated the constitution, and that she has not pled that there is a wide spread practice

of applying the Personal Rules to others in ways that violate the Second Amendment. So Calderone has not adequately pled that gaps in the Personnel Rules violated her Second Amendment rights. *Calhoun*, 408 F.3d at 380(noting that a gap in policies claim exists "[i]f the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work.")

Finally, Calderone's reliance on the hypothetical example the Seventh Circuit provided in *Calhoun v. Ramsay* of such an express policy that violates the constitution is misplaced. Response at pp. 6–7. In *Calhoun*, the court proposed an example where if a jail had a policy that directed sheriff personnel to throw away all prescription medication without making alternative provisions, that policy would "on its face" violate the Eighth Amendment. 408 F.3d at 379–380. Calderone argues that because the hypothetical example in *Calhoun*, did not clearly "spell out" a constitutional violation, this court should find that the City's policies in this case are also express policy violations. Response at p. 6. Although the policy in *Calhoun* did not expressly say that the conduct described was a violation of the Eighth Amendment, the conduct described in the hypothetical policy clearly falls under a deliberate indifference of a medical need constitutional claim. *See* 7th Cir. Civil Pattern Jury Instruction 7.17 entitled "Eighth and Fourteenth Amendment: Failure to Provide Medical Attention-Elements," attached hereto as Exhibit A.[1] Contrast that with the policy before this court, where the conduct described in the Personnel Code, including barring employees from illegal and/or discourteous conduct, does not infringe on any constitutional amendment in any way. Thus, Calderone's attempt at claiming the policy in this

---

1 Court can take judicial notice of matters of public record such as the 7th Circuit Pattern Jury Instructions without converting the motion to a one for summary judgment.
*Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

3

case is comparable to the policy in *Calhoun* fails, and Calderone has failed to plead an express policy violation by the City.

So for the reasons stated in the City's Motion and Reply, Calderone cannot rely on the "express policy" prong to support her *Monell* claim in Count III, and such claims should be dismissed, with prejudice.

### 3. Tate-Nadeau and Williams were not final policymakers for the City.

Calderone does not dispute any of the City's arguments that Tate-Nadeau and Williams were not final policymakers for the City. Thus for the reasons stated in the City's Motion, Calderone has failed to state a *Monell* claim in Count III under the "final policymaker" prong, so Count III should be dismissed, with prejudice.

### b. Calderone fails to state a claim for void-for-vagueness in Count IV.

Calderone does not even attempt to distinguish the cases cited by the City where the respective courts found that very similar personnel rules to the ones used in this case were not unconstitutionally vague. Nor does Calderon refute that personnel rules may use broader, more generic terms than criminal statutes. *See Greer v. Amesqua*, 212 F.3d 358, 369 (7th Cir. 2000). Calderone only contends that this case "implicates the central due process concerns" in *Grayned v. City of Rockford*, 408 U.S. 104 (1972). *Grayned* is easily distinguishable form this case. First, it involves a criminal ordinance, not a personnel rule, and second, the Court made its ruling based on the First Amendment and not the Second Amendment. 408 U.S. at 105 & 109–110.

Moreover, Calderone concedes that the overbreadth doctrine is usually applied in the First Amendment context, and Calderone fails to cite to any case that allows the overbreadth doctrine to apply to the Second Amendment. Response at p. 8. Consequently, Calderone has not pleaded an overbreadth claim or a void for vagueness claim, so Count IV should be dismissed, with prejudice.

4

     **c.**     **Calderone fails to state a claim for indemnification in Count VI.**

Count VI is a derivative claim, requiring underlying liability on the part of the Individual Defendants. Calderone does not dispute that the City is not liable for indemnification if the Individual Defendants' motion is successful. For reasons stated in the Individual Defendants' motions to dismiss and reply, Calderone fails to state a claim for any individual liability on which indemnification can be premised, so Count VI should be dismissed, with prejudice.

**II.**     **Conclusion**

For the foregoing reasons, Defendant City of Chicago respectfully requests Counts III, IV, and VI of the First Amended Complaint be dismissed, with prejudice, and for whatever further relief the Court deems appropriate.

Dated: April 5, 2019

Respectfully submitted,

EDWARD N. SISKEL
Corporation Counsel of the City of Chicago

By: *s/ Jessica Durkin*
JESSICA R. DURKIN
MARK J. BEREYSO
Assistants Corporation Counsel

City of Chicago, Department of Law
Employment Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-2836/6951