## 7.16 EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROTECT – ELEMENTS

To succeed on his claim regarding failure to protect him from harm by [an]other [prisoner] [detainee], Plaintiff must prove each of the following (*number of elements*) things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault. [A mere possibility of harm is not a strong likelihood.]

2. Defendant was aware of this strong likelihood that [Plaintiff would be seriously harmed as the result of an assault] [another prisoner/detainee would seriously harm a prisoner/ detainee in Plaintiff's situation] [or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed but refused to confirm whether these facts were true].
[You may infer this from the fact that the risk was obvious.]

3. Defendant consciously failed to take reasonable measures to prevent the assault. [In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take [additional] corrective action.]

4. [Plaintiff] [would not have been harmed] [would have suffered less harm] if Defendant had taken reasonable measures.

[5. Defendant acted under color of law.]

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

### Committee Comment

a. **Scope of instruction:** This instruction may be used for claims brought under the Eighth Amendment by convicted prisoners or claims brought under the due process clause of the Fourteenth Amendment by pretrial detainees or civilly committed patients. *See* Instruction 7.15, comment a.

169 (2017 rev.)

    b.    **Substantial risk:** *See* Instruction 7.15, comment c.

    c.    **Deliberate indifference:** Elements two and three encompass the concept of what the case law refers to as "deliberate indifference." The Committee has not included that term in the instructions because most jurors will not be familiar with it, and it can be described using ordinary language.

    d.    **Actual knowledge required:** For cases discussing the actual knowledge requirement as a general matter, *see* Instruction 7.15, comment f. In the context of a failure to protect claim, the plaintiff must show that the defendant had knowledge of a specific threat. *See, e.g., Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008); *Klebanowski v. Sheahan,* 540 F.3d 633, 639-40 (7th Cir. 2008); *Grieveson v. Anderson,* 538 F.3d 763, 776 (7th Cir. 2008); *Butera v. Cottey,* 285 F.3d 601, 606 (7th Cir. 2002). However, "deliberate indifference can be predicated upon knowledge of a victim's particular vulnerability even if the identity of the ultimate assailant is not known in advance of attack), or, in the alternative, an assailant's predatory nature even if the identity of the ultimate victim is not known in advance of attack." *Brown v. Budz,* 398 F.3d 904, 915-16 (7th Cir. 2005).

The Committee has included alternative language for the second element for cases in which the plaintiff is claiming that the defendant knew that prisoners in plaintiff's situation were at risk, (e.g., defendant knew that a particular prisoner had a history of assaulting his cell mates, but the defendant did not know that the plaintiff was the cell mate). In those cases, the court may wish to describe the situation as part of the second element. (For example, "Defendant was aware of a substantial risk that [other prisoner's name] would seriously harm his cell mate.")

    e.    **Consciously failed to take reasonable measures:** For an explanation of this element as a general matter, *see* Instruction 7.15, comment g.

    f.    **Color of law:** The fifth element should be eliminated if the "color of law" issue is not in dispute. If the element is contested, Instruction No. 7.03 should be given.

    g.    **Harm:** *See* Instruction 7.15, comment i.

    h.    **Plaintiff as the Aggressor:** In *Santiago v. Walls,* 599 F.3d 749, 759 (7th Cir. 2010), the court held that a prisoner may maintain a claim for failure to protect even if he started the fight, at least in cases in which the Defendant was trying to provoke a fight or knew that other officers were doing so.